Argued and submitted June 9, reversed and remanded with instructions to terminate wardship July 15, 2015

In the Matter of H. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
H. H.,
*Respondent,*
*v.*
D. M. H.
and B. H.,
*Appellants.*

Jackson County Circuit Court
14JU00716; A158545

355 P3d 206

Valerie Colas, Deputy Public Defender, argued the cause for appellant D. M. H. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Ginger Fitch argued the cause and filed the brief for appellant B. H.

Erin K. Galli, Assistant Attorney-in-Charge, argued the cause for respondent Department of Human Services. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Megan L. Jacquot filed the brief for respondent child.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

In this dependency case, parents appeal a permanency judgment in which the juvenile court continued jurisdiction and wardship over their daughter, H.[1] The juvenile court had found H to be within its jurisdiction and had established wardship over her in July 2014. H continued to reside with parents. More than four months later, in November 2014, parents moved to dismiss jurisdiction and terminate the wardship. The court considered that motion at a permanency hearing in December 2014 and, at that hearing, denied the motion. On appeal, parents assert that the juvenile court erred in denying the motion to dismiss dependency jurisdiction and terminate the wardship over H. According to parents, the evidence in the record is insufficient to support a finding that H's conditions or circumstances at the time of the hearing gave rise to a "current threat of serious loss or injury that was likely to be realized." (Boldface omitted.) We agree that, on this record, the trial court erred.

For "a juvenile court to take jurisdiction over a child pursuant to ORS 419B.100(1)(c), the child's condition or circumstances must give rise to a current threat of serious loss or injury that is reasonably likely to be realized." *Dept. of Human Services v. L. C.*, 267 Or App 731, 741, 343 P3d 645 (2014). Furthermore, a wardship cannot continue "if the jurisdictional facts on which it is based have ceased to exist." *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 372, 774 P2d 484, *rev den*, 308 Or 315 (1989). Thus, when a parent "moves to dismiss the juvenile court's jurisdiction at a review hearing, [the Department of Human Services (DHS)] bears the burden of proving that continued jurisdiction is warranted." *L. C.*, 267 Or App at 741. To satisfy that burden, DHS must prove that "the factual bases for jurisdiction persist to a degree that they pose a current threat of serious loss or injury that is reasonably likely to be realized." *Dept. of Human Services v. J. M.*, 260 Or App 261, 267, 317 P3d 402 (2013).

At the permanency hearing in this case, DHS appears to have proceeded, and the juvenile court appears to have ruled, based in large part on an understanding of

---

[1] The court terminated the wardship of two of parents' other children, N and J.

facts established during the initial hearing on jurisdiction. However, those facts were not made a part of the record in this case. DHS had the burden to prove that the factual bases for jurisdiction continued to exist at the time of the hearing and that they posed a current threat of serious loss or injury to H that was reasonably likely to be realized. DHS failed to present evidence at the hearing of the original bases for jurisdiction—the threat of serious loss or injury—in order to meet that burden. Thus, in the circumstances of this case, the record before it at the permanency hearing did not permit the juvenile court to determine that the "factual bases for jurisdiction persist" and that H's "conditions and circumstances gave rise to" a continuing current threat of harm. Accordingly, the court erred in denying the motion to dismiss jurisdiction and terminate the wardship over H.

Reversed and remanded with instructions to terminate wardship.