Submitted April 19, affirmed June 8, 2022

In the Matter of A. M.-B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E. M.,
*Appellant.*

Linn County Circuit Court
19JU07441;
Petition Number 113837;
A177111 (Control)

In the Matter of M. M.-B., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E. M.,
*Appellant.*

Linn County Circuit Court
19JU07442;
Petition Number 113837;
A177112

512 P3d 876

Mother appeals from juvenile court orders entered denying her motions to dismiss dependency jurisdiction and terminate wardship over her two children. Mother argues that the juvenile court erred in concluding that continued jurisdiction was warranted because the adjudicated bases of jurisdiction had not yet been ameliorated. The juvenile court found that mother's criminal activities, including probation violations, and ongoing drug use demonstrated that she had not yet ameliorated either of the underlying jurisdictional bases. *Held*: The trial court did not err in denying mother's motions. Although substance abuse is not an adjudicated basis of jurisdiction, mother's ongoing use of methamphetamine is a violation of her probation, the terms of which the juvenile court required her to comply with in relationship to the adjudicated criminal activities basis of jurisdiction. Mother's lack of insight into how her continued drug use leads to formal probation violations and jail sanctions that remove her from her children altogether supplies a necessary link between the bases of jurisdiction and her behavior which, in turn, renders the risk of harm to her children current and not speculative.

Affirmed.

Heidi M. Sternhagen, Judge pro tempore.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Mother appeals from juvenile court orders entered in these consolidated cases denying her motion to dismiss dependency jurisdiction and terminate wardship over her two children, A (10 years old) and M (eight years old). She raises six assignments of error, all of which essentially contend that the juvenile court erred in concluding that continued jurisdiction was warranted because the adjudicated bases of jurisdiction had not yet been ameliorated. We affirm.

Mother did not request *de novo* review, and we decline to exercise our discretion under ORS 19.415(3)(b) to conduct *de novo* review. We therefore review the juvenile court's orders for errors of law and assess whether the record is legally sufficient to permit the outcome reached by the juvenile court. *Dept. of Human Services v. M. K.*, 285 Or App 448, 450, 396 P3d 294, *rev den*, 361 Or 885 (2017). In conducting our review, we are bound by the juvenile court's findings that are supported by the record and we must view the evidence in the light most favorable to the juvenile court's conclusions. *Id.* We state the pertinent facts in accordance with that standard of review, and only to the extent necessary to explain our disposition of this appeal.

DHS removed the children from their mother's care in October 2019 after the police were notified that mother did not return home one night, and the children were unable to reach her. Mother had a history of leaving A and M without adult supervision. The juvenile cases were procedurally complicated and did not go to trial until over a year later, in late December 2020. At the conclusion of that trial, the juvenile court asserted jurisdiction over the children and made them wards of court. The adjudicated bases of jurisdiction with respect to mother were (1) involvement in criminal activities that interfered with her ability to safely parent, and (2) residential instability and chaotic lifestyle that also interfered with her ability to safely parent. Among other things, mother was ordered to engage in parent training, to submit to a mental health evaluation, to obtain appropriate housing, to develop a safety plan, and to comply with

all conditions of probation to which she was subject due to criminal activities.

In July 2021, mother filed the motion to dismiss jurisdiction that is the subject of this appeal. Between the date when jurisdiction was established (December 23, 2020) and the date of the hearing on mother's motion to dismiss jurisdiction (August 30, 2021), mother:

- Had not engaged in the court-ordered parent-training

- Had not engaged in the court-ordered mental health evaluation

- Had not presented a viable safety plan for the children in the event mother was unavailable to parent them

- Was still facing a child neglect charge related to her alleged lack of supervision of M in July 2019

- Was reprimanded by her probation officer for dropping a baggie of cocaine as she exited the probation officer's office

- Tested positive for methamphetamine three separate times, and denied using methamphetamine after each positive test

- Served a 7-day jail sanction for drug-related probation violations

- Tested positive for methamphetamine a fourth time after the jail sanction was served and less than a week before the hearing

At the time of the hearing, mother had two additional criminal matters pending for which she had failed to appear three times, resulting in the issuance of two arrest warrants. Those warrants had been cleared by the time of the hearing on her motion to dismiss juvenile court jurisdiction and both criminal cases had been scheduled for trial.

Also at the time of the hearing, mother was living with her boyfriend and his three children, when they were in his care, and she had been living in the same home since March or April 2021. A known methamphetamine user was

living in an attached apartment, although mother testified that the person would move out if necessary. DHS first visited that home in May 2021 and found it to be in significant disrepair. But by the time of the second visit in July, the house met DHS's "minimally appropriate" standard. At the time of the hearing, mother testified that she was working full time and had a network of friends and family to care for the children if she had to return to jail for any length of time. However, no family members or friends testified that they were available to care for A and M in mother's absence.

When a parent moves to dismiss the juvenile court's jurisdiction over a child, DHS has the burden to establish that continued jurisdiction is warranted. *Dept. of Human Services v. D. M. H.*, 272 Or App 327, 328, 355 P3d 206 (2015). DHS must prove by a preponderance of the evidence that the adjudicated jurisdictional bases persist and that they still pose a current threat of serious injury to the child that is "reasonably likely to be realized." *Dept. of Human Services v. J. M.*, 260 Or App 261, 267, 317 P3d 402 (2013). DHS must also "demonstrate a nexus between the allegedly risk-causing conduct and the harm to the child," and it must prove that the risk is not speculative and that it is present at the time of the hearing. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013).

Mother argues that jurisdiction is no longer warranted because, at the time of the hearing, she had not been convicted of any new crimes, she had been living in a stable home for several months, and she had a full-time job. She contends that DHS's evidence of her drug use was "extrinsic to the adjudicated jurisdictional bases" and that, in any event, drug use alone is insufficient to support jurisdiction. DHS, on the other hand, argues that the evidence shows that, regardless of the effect on her children, mother will likely continue to "use drugs and violate the conditions of her probation," and, because of that, she faces "continued risk of additional sanctions, including additional jail time."

The juvenile court denied the motion to dismiss, concluding that mother's ongoing criminal activities, including probation violations, demonstrate that she has not ameliorated either of the underlying jurisdictional bases. The

record supports that conclusion, and the court did not err in denying the motion to dismiss. While it is true that mother had no active warrants or new charges at the time of the hearing, her criminal issues persisted. She had two pending trials in other counties for cases in which she had already failed to appear. She had served a 7-day jail sanction for substance use in violation of her probation and had tested positive for methamphetamine just a few days before the hearing. Although mother expressed interest in drug court as a way of addressing some of her ongoing criminal issues, she also repeatedly denied using methamphetamine—even after testing positive for that drug. Substance use or abuse is not an adjudicated basis of jurisdiction here. In fact, DHS did not allege substance abuse as a basis for jurisdiction in its petition. However, mother's ongoing methamphetamine use, particularly given that such use violates the conditions of her probation and that the juvenile court has ordered her to comply with those conditions, is evidence of her lack of insight into the effect of that conduct on her availability to safely parent her children. That "lack of insight" into how her continued drug use violates her probation and results in sanctions that physically remove her from her children "supplies a link between the adjudicated bases of jurisdiction" and her behaviors or pattern of behaviors. *Dept. of Human Services v. D. L.*, 308 Or App 295, 308, 479 P3d 1092 (2020) (citing *Dept. of Human Services v. A. B.*, 264 Or App 410, 419, 333 P3d 335 (2014)). Here, mother has violated her probation repeatedly by continuing to use methamphetamine despite the juvenile court's dispositional order that she comply with the conditions of her probation. Mother's lack of insight that repeated risk of incarceration is harmful to her children links directly to the jurisdictional bases and makes the risk of harm to her children current, not speculative.

The same evidence concerning mother's ongoing drug use and associated probation violations with the potential for sanctions also establishes that mother had not yet ameliorated the jurisdictional basis related to her "chaotic lifestyle." Notwithstanding that mother had achieved several months of residential stability by residing in a home that DHS eventually deemed adequate, her ongoing pattern of drug use, probation violations, and sanctions was evidence

of an ongoing chaotic lifestyle that persisted at the time of the hearing. And we are bound by the juvenile court's finding that there was no "evidence that [mother's boyfriend] can be a resource" despite mother's testimony that her boyfriend would be able to care for her children if she returned to jail. The juvenile court expressed doubt about mother's credibility because of her continued denial of drug use in the face of a positive urinalysis. The record supports that credibility determination. All of that factored into the juvenile court's ultimate conclusion that mother's "lifestyle continues to be somewhat chaotic," and the court properly concluded that mother's lack of insight into the effect of her behavior on her ability to safely parent her children presented a current, nonspeculative risk of harm to her children if they were returned to mother's care at the time of the hearing.

In viewing the evidence in the light most favorable to the juvenile court's conclusion, we conclude that the record is sufficient to permit the outcome of continued jurisdiction as to both of the children. The trial court did not err in denying mother's motion to dismiss and terminate the wardship.

Affirmed.